# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BIBIANA ZARAGOTA, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAPA ENTERPRISES, INC. and PATRICIA TOMILLO, Jointly and Severally<br><br>Defendants. | Case No. _____ |

## COLLECTIVE ACTION COMPLAINT
**(Jury Trial Demanded)**

Plaintiff, individually and on behalf of all others similarly situated, on personal knowledge and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Defendants own and operate warehouse facility in Atlanta, which stores goods that are later sold by Defendants to international companies and organizations outside of the United States.

1

2. Defendants business' obtains discounted goods such as clothes and shoes from other companies, and then resells these goods to companies internationally in South American countries such as Honduras, Guatemala, and several African nations.

3. Plaintiff worked for Defendants as a warehouse associate, and her job duties entailed: stocking goods, driving a van to obtain goods for the warehouse, unloading merchandise, and cleaning the warehouse facility.

4. Throughout Plaintiff's employment, from 2011 to June 30, 2020, Plaintiff received no overtime wages whatsoever despite working excess of 40 hours each week.

5. Plaintiff and other employees have purposely been misclassified as independent contractors for the purpose of avoiding paying overtime wages.

6. Plaintiff brings this action on behalf of herself, and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28

U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants have listed their principal place of business with the Georgia Secretary of State as P.O. Box 191294, Atlanta, Georgia, 31119, which is in Fulton County, Georgia. Additionally, a substantial part for of the events or omissions leading to this action occurred at the warehouse of Defendants where Plaintiff worked, which is located at: 1014 Sampler Way, Atlanta, Georgia 30344, which is in Fulton County. Therefore, venue is proper in the Atlanta division of the Northern District of Georgia.

9.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

10.  Bibiana Zaragota, was at all relevant times, an adult individual residing at 522 Chase Common Drive, Norcross, Georgia, 30071 which is in Gwinnett County.

**Defendants:**

11.  Mapa Enterprises, Inc. (the "Corporate Defendant"), is an active Georgia

corporation. Its principal place of business is listed with the Georgia Secretary of State as: P.O. Box 191294, Atlanta, Georgia, 31119, which is in Fulton County.

12. Patricia Tomillo (the "Individual Defendant"), upon information and belief is an owner, officer, director and/or managing agent of Atlanta Imports, Inc. Ms. Tomillo's address is unknown at this time.

13. Ms. Tomillo participated in the day-to-day operations of Mapa Enterprises, Inc., and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Mapa Enterprises, Inc.

14. Upon information and belief, Patricia Tomillo and Mapa Enterprises, Inc., jointly set the unlawful payroll policies complained of in this complaint.

15. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

16. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

17. Additionally, upon information and belief, at all relevant times, Defendants

have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that they operate a warehouse that sells goods such as shoes and clothes internationally, to companies and organizations in Latin America, in countries such as Guatemala and Honduras. Additionally, Defendants utilize various rental trucks and vans on a weekly basis from companies such as Penske and Ryder, for the purpose of transporting the goods that they purchase to their warehouse, and thereby utilize vehicles that were not manufactured in Georgia. Therefore, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

18. Lastly, Plaintiff and other employees individually handled goods such as clothes and shoes which were then shipped internationally, as well as personally operated vehicles that were manufactured outside of Georgia on a weekly basis, and thus Plaintiff has individual coverage under the FLSA, under 29 U.S.C. § 203(s).

## STATEMENT OF FACTS

19. At all relevant times, Defendants have operated a warehouse business which obtains goods at a discounted price, and then sells those goods internationally to various countries in Latin America, such as Guatemala and Honduras, and various

countries in Africa.

20.    Plaintiff was employed by Defendants as a warehouse associate from 2011 to June 30, 2020.

21.    Plaintiff worked at Defendants' warehouse located at 1014 Sampler Way, Atlanta, Georgia 30344.

22.    As a warehouse associate, Plaintiff's job duties included: stocking goods, driving a van to obtain goods for the warehouse, unloading merchandise, and cleaning the warehouse facility.

23.    Plaintiff was paid $11 per hour.

24.    Plaintiff typically worked 10 hours each day, five days a week, Monday through Friday, from 6 a.m. to 5 p.m. On Saturdays, Plaintiff worked 6 a.m. to 3 p.m.

25.    On average, Plaintiff worked 50 hours each week, but on occasion worked as many as 55 hours in a single week.

26.    Throughout Plaintiff's employment, Plaintiff was paid straight-time for all hours worked and received no overtime wages whatsoever, despite working in excess of 40 hours each week.

27.    Defendants were required by law to pay Plaintiff time-and-a-half her regular

wages for all hours in excess of 40 hours, but purposely chose to not to pay her overtime wages.

28. This failure to pay overtime premium wages can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings her First Cause of Action as a collective action under the FLSA, on behalf of herself and the following collective:

> All persons employed by Defendants, at any time from August 8, 2018 through the entry of judgment in this case (the "Collective Action Period"), who worked as warehouse associates, warehouse workers, stock workers, laborers, drivers, and all other hourly workers who were not paid overtime wages (the "Collective Action Members").

30. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

31. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

32. Plaintiff, on behalf of herself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

33. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

34. Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover

from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 8, 2021

        Respectfully submitted,

        **s/ Brandon A. Thomas**
        **BRANDON A. THOMAS**
        **GA BAR NO.: 742344**
        The Law Offices of Brandon A. Thomas, PC
        1 Glenlake Parkway, Suite 650
        Atlanta, GA 30328
        Tel: (678) 330-2909
        Fax: (678) 638-6201
        brandon@overtimeclaimslawyer.com